## WOODS v. LEWELLYN, Collector of Internal Revenue.

(District Court, W. D. Pennsylvania. November Term, 1921.)

### No. 2636.

Internal revenue ☞7—Income held not subject to excess profits tax as "income of trade or business" having no capital.

Where during 1917 plaintiff was president and general manager of a corporation without capital, which was general agent for a life insurance company, for which he received a salary of $30,000, acting as such officer was his vocation, though he incidentally earned commissions of $2,700 on policies written by himself, and commissions received by him during the year from renewals of policies secured by him during previous years, when he was personally general agent, were not "income of his trade or business" during that year, subject to excess profits tax under Act Oct. 3, 1917, § 209 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜j).

At Law. Action by Edward A. Woods against C. G. Lewellyn, Collector of Internal Revenue for the Twenty-Third Revenue District. Judgment for plaintiff.

Charles A. Woods, of Pittsburgh, Pa., for plaintiff.
Warren H. Van Kirk, Sp. Asst. U. S. Atty., of Pittsburgh, Pa., for defendant.

GIBSON, District Judge. This action is brought to recover taxes claimed by plaintiff to have been wrongfully assessed and which were paid under protest. The tax in question was assessed under section 209 of the Act of October 3, 1917, 40 Statutes at Large, c. 63, p. 307 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6336⅜j), which is as follows:

"That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid, in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business in excess of the following deductions: In the case of a domestic corporation $3,000, and in the case of a domestic partnership or a citizen or resident of the United States $6,000; in the case of all other trades or business, no deduction."

The tax claimed by the collector of internal revenue has been assessed upon commissions of the plaintiff as a life insurance agent, earned prior to 1917, and received during that year. The facts as stipulated are substantially as follows:

In 1890, the plaintiff became general agent of the Equitable Life Assurance Society for Western Pennsylvania, with offices at Pittsburgh; established a large business, and continued to conduct it in his own name until December 31, 1910, when he, with business associates, incorporated a life insurance corporation known as the Edward A. Woods Agency, in which corporation he held over 80 per cent. of the stock. After its organization the Edward A. Woods Agency acted as general agent of the Equitable Life Assurance Society in place of Edward A. Woods. Plaintiff was elected president and manager of said

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

corporation, and acted as such continuously during the year 1917, without compensation during that year. Subsequently, however, his salary was fixed at $30,000 per year, and all, or part of it, has been paid for said year 1917. During the year 1917, plaintiff expended the sum of $4,610.20, which he listed in his return for that year as business expenses. During the same year, the plaintiff received as commissions on insurance solicited by him personally in that year the sum of $2,787.33

At the time the corporation was formed, the plaintiff did not turn over to it, but retained as his own, renewal commissions to which he had become entitled by reason of his activities in procuring insurance prior to the organization of the company. He received renewal commissions from this source amounting to $52,796.01 during the year 1917. These renewal commissions arose from business carried on by plaintiff prior to January 1, 1911, and were not earned by him in the year 1917. It is to these commissions that the commissioner of internal revenue has held section 209 of the War Excess Profits Tax Act to be applicable.

That such renewal commissions constituted income for the year in which received is no longer a mooted question. Woods v. Lewellyn, Collector, 252 Fed. 106, 164 C. C. A. 218. The question for decision by the court is whether or not sums so received are part of the net income of "a trade or business having no invested capital or not more than a nominal capital." The plaintiff claims that the War Excess Profits Tax Act was not intended to cover such a situation as is presented by the facts in this case, but was intended to produce a tax upon income derived through activities during the year 1917. He claims, further, that the particular income was the result of his activities while engaged in a different occupation than that pursued by him during the entire year of 1917. In that year, he claims, and he is supported by the stipulations of fact, that he was acting as president and manager of the Edward A. Woods Agency, a corporation, and not as a general agent of the Equitable Life Assurance Society, as he was acting when the renewal insurance premiums were actually earned.

On the other hand, it is claimed on behalf of the defendant that the facts detailed show that the renewal premiums received during that year were a part of the income of plaintiff's business. In this connection they point to the income return filed by the plaintiff and his admission of the receipt of $2,787.33 as commissions on insurance personally solicited by him, and to his claim for exemption on the amount of $4,610.20 claimed to have been expended in 1917 as business expenses.

For the purpose of enforcing the war excess profits tax, the Commissioner of Internal Revenue has prescribed certain regulations. Article 8 of Regulation No. 41 relative to the war excess profits tax relates to section 209, and tends to throw light upon our inquiry in the present case. That article is as follows:

" '*Trade*' *in the Case of Individuals.*—In the case of an individual, the terms 'trade,' 'business,' and 'trade or business' comprehend all his activities for gain, profit, or livelihood, entered into with sufficient frequency, or occupying such portion of his time or attention as to constitute a vocation, including occu-

pations and professions. When such activities constitute a vocation they shall be construed to be a trade or business whether continuously carried on during the taxable year or not, and all the income arising therefrom shall be included in his return for excess profits tax.

"In the following cases the gain or income is not subject to excess profits tax, and the capital from which such gain or income is derived shall not be included in 'invested capital': (a) Gains or profits from transactions entered into for profit, but which are isolated, incidental, or so infrequent as not to constitute an occupation; and (b) the income from property, arising merely from its ownership, including interest, rent, and similar income from investments except in those cases in which the management of such investments really constitutes a trade or business."

The foregoing, in our opinion, is a fair, common-sense construction of section 209 of the Act of October 3, 1917. In effect it interprets that section as placing a tax upon the vocation of the man who had done business during the year without invested capital. It taxes only income derived from activities in the exercise of the regular occupation, not sums earned incidentally by activities outside that regular occupation. See Lederer, Collector, v. Cadwalader (C. C. A.) 274 Fed. 753, 18 A. L. R. 411.

Adopting the foregoing interpretation of the act of Congress, the tax was not properly collected, as it is apparent from the pleadings and stipulations as to facts that the vocation of the plaintiff in 1917 was that of president and manager of the Edward A. Woods Agency, not that of insurance agent. It is true the stipulation discloses that in 1917 he earned commissions upon policies written by himself to the amount of some $2,700, and claimed as business expenses the amount of $4,600; but it does not follow that such sums were not earned or claimed pursuant to the exercise of an incidental or isolated activity. As opposed to the formal admission that plaintiff had acted as president and manager of the Edward A. Woods Agency corporation continuously during the year 1917, and that his services as such were worth to that corporation at least $30,000, the commissions of $2,700 can be given little weight in the attempted establishment of the claim that plaintiff's regular vocation was that of an insurance agent.

As heretofore stated, it is our opinion that the sums sought by the collector to be subjected to taxation as excess profits were not earned by plaintiff in the exercise of the vocation pursued by him in 1917, and were not rightfully collected. It is needless, therefore, for us to consider the forcible argument of counsel for plaintiff to establish the claim that the renewal premiums in question were "the income from property arising merely from ownership, including interest, rent, and similar income from investments," and as such declared not the subject to the excess profits tax by article 8 of Regulation No. 41, issued by the Commissioner of Internal Revenue. Counsel has pointed out the fact that plaintiff would have received these premiums if he had retired from business altogether prior to 1917, and that they would have been paid to his heirs, had he died in the latter part of 1916. This makes it plain, he claims, that the sums received by him as premiums constituted income derived from property rights acquired prior to 1917, and not the fruits of his vocation or "trade or business" in that year. His con-

tention in this respect is doubtless worthy of serious consideration in case the necessity for such consideration were to arise.

An order will be drawn entering judgment in favor of the plaintiff.