Appeal of **J. J. HARRINGTON.** **Docket 11.**

A taxpayer regularly employed on a salary, who made five purchases of securities during 1921 from brokers and one sale of securities at a loss which exceeded his income for 1921, is not entitled to a deduction in his return for 1922 on account thereof under the provisions of section 204 of the Revenue Act of 1921, such loss not resulting from the operation of a business regularly carried on by the taxpayer.

Submitted September 12, 1924; decided October 3, 1924.

No appearance for the taxpayer.

*Willis D. Nance, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

### FINDINGS OF FACT.

The taxpayer was employed by the Tuolumne Copper Mining Co. on a salary. He sustained a loss in the year 1921 on account of a sale of 10,000 shares of Tuolumne Copper Mining Co. stock in the amount of $9,100, which said loss more than offset the gross income for the year. He was and is now the owner and holder of the following stocks purchased within the last five years:

| Shares. | | Par value |
|---|---|---|
| 2,400 | Tuolumne Copper Mining Co | $24,000 |
| 550 | Silver Bow Securities Co | 5,500 |
| 2,500 | Crystal Copper Co | 2,500 |
| 10,000 | Potomac Copper Co | 10,000 |
| 500 | Keating Gold | 500 |
| 1,100 | Butte Crude Petroleum Co | 1,100 |

The taxpayer made three purchases of Tuolumne Copper Mining Co. stock during the year 1921 from one broker, and on August 17, 1921, he made two purchases, aggregating 900 shares, of Tuolumne Copper Mining Co. stock from another broker. Only one sale was made during the year, which is the one from which the loss involved in the appeal was based.

The taxes in controversy are income taxes for 1922 in the amount of $81.03 and result from the disallowance of the net loss resulting from the sale of the above mentioned stock in 1921.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

TRAMMELL: The question arising from the admitted facts is whether the taxpayer is entitled, under the provisions of section 204 of the Revenue Act of 1921, to a deduction in the year 1922 on account of a net loss sustained in 1921.

Section 204(a) of the Revenue Act of 1921 provides in part as follows:

That as used in this section the term "net loss" means only net loss resulting from the operation of any trade or business regularly carried on by the taxpayer.

The question is whether the taxpayer was *regularly engaged in the business* of dealing in securities in 1921, it being conceded that he suffered a loss on account of the sale of securities in that year.

The expression " in trade " in paragraph (b) of the Revenue Act of 1913, which allowed as a deduction losses actually sustained during the year incurred *in trade*, and the expression a " *trade or business* " contained in section 209 of the Revenue Act of 1917, which imposes a profits tax of 8 per cent on trades or businesses having no invested capital, or only a nominal capital, have been defined by the United States District Court in the case of *Woods* v. *Lewellyn*, 289 Fed., 498, and by the United States Circuit Court of Appeals in the case of *Mente* v. *Eisner*, 266 Fed., 161.

In the case of *Mente* v. *Eisner*, supra, the court quoted Treasury Decision 2090 and approved it, stating as follows:

We think that the language " losses incurred in trade " is correctly construed by the Treasury Department as meaning in the actual business of the taxpayer as distinguished from isolated transactions. If it had been intended to permit all losses to be deducted it would have been easy to say so. Some effect must be given to the words " in trade."

In the case of *Woods* v. *Lewellyn*, supra, the court referred to and approved article 8 of Regulations No. 41, interpreting section 209 of the 1917 Act, in the following language:

In effect it interprets that section as placing a tax upon the *vocation* of a man who had done business during the year without invested capital. It taxes only income derived from activities in the exercise of the regular occupation, not sums earned incidentally by activities outside that regular occupation.

The expression *trade* or *business* as used in section 204 of the 1921 Act with reference to net losses is more limited and restricted than the word *trade* as used in the 1913 Act or the expression *trade or business* as used in the 1917 Act. The statute provides that the loss, in order to be deductible as a *net loss*, must not only have been incurred from the operation of a trade or business but from a trade or business *regularly carried on*. A trade or business regularly carried on must be held to mean a vocation and not occasional or isolated transactions.

The loss in this case was not sustained from the operation of a trade or business regularly carried on.