## APPEAL OF H. J. SCHLESINGER.

Docket No. 6339. Promulgated December 23, 1926.

Deductions allowed under section 214(a) of the Revenue Act of 1921, but not connected with the trade or business regularly carried on by the taxpayer and not specially considered in the method of calculation of the "net loss," as set out in section 204(a) of the same Act, must be subtracted from the total deductions allowed under section 214(a) before the calculation is made, so that the result of the calculation will be the "net loss" defined in section 204(a) of the Act.

*Charles F. Fawsett, Esq.*, for the petitioner.
*Robert A. Littleton, Esq.*, for the Commissioner.

A deficiency of $344.09 individual income tax for the year 1923 resulted from the Commissioner's reduction of the petitioner's 1922 loss in applying section 204 of the Revenue Act of 1921, as interpreted by article 1601 of Regulations 62.

### FINDINGS OF FACT.

The petitioner in the year 1922 had a gross income of $127,876.27. Of this amount $49,107.30 was income derived from a trade or business, and $78,768.97 was derived from sources not connected with a trade or business. His deductions under section 214(a) of the Revenue Act of 1921 amounted to $168,943.39. Of this amount $77,874.16 was deducted for expenses of the business (farming) regularly carried on by the taxpayer, $82,312.82 was deducted for taxes (inheritance) paid, $6,998.60 was deducted for interest paid (not connected with the business of farming), and the balance, $1,757.81, was deducted as a loss (not sustained in farming).

In computing the tax upon the income for the year 1923 the Commissioner refused to allow a net loss for the year 1922 under the provisions of section 204(a) of the Revenue Act of 1921.

### OPINION.

MURDOCK: We are satisfied that article 1601 of Regulations 62 is not in accordance with section 204(a) of the Revenue Act of 1921, because the article gives a double effect to deductible losses not sustained in a trade or business regularly carried on by the taxpayer. This double effect is not authorized or intended under section 204(a). The difficulty, however, is to make a calculation which is in accordance with this section and which will stand the test in every case. If there is a possible interpretation of the Act which will give effect to the intent of Congress, of course it is our duty to adopt such an interpretation.

This section of the Act reads as follows:

Sec. 204. (a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

In the first part of the section Congress said that " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer. In the latter part of the same section Congress indicated a calculation or a method of arriving at such net loss, " when so resulting." By this method Congress indicated, among other things, the effect which it intended that deductible losses not sustained in such trade or business, and taxable gains or profits not connected with such trade or business, should have upon the net loss resulting from the operation of the trade or business regularly carried on by the taxpayer. Bear in mind that in this case we are concerned with an individual, and as deductible losses not sustained in such trade or business are included in the deductions allowed by section 214, and, as taxable gains or profits not derived from such trade or business are included in gross income, " (3) " of the method indicated in the section of the Act so functions or operates that, should the taxable gains or profits not derived from such trade or business exceed the amount of the deductible losses not sustained in such trade or business, the " net loss " will be decreased in the exact amount of the excess, and, where that excess is greater than the loss from the operation of the business, there will be no " net loss."

Thus " (3) " carries out the intent of Congress in regard to losses deductible under section 214(a) but not connected with the trade or business of the taxpayer. As a result of it a net loss from the operation of a trade or business regularly carried on by the taxpayer may never be increased by deductible losses outside of that business, but will be decreased by any excess of outside profits or gains over de-

ductible losses sustained outside of such business; " (2) " functions in much the same way in regard to certain interests; " (4) " and " (5) " serve a similar purpose in regard to other deductions. But what is the situation in regard to that portion of the taxes deductible under section 214(a)(3), of the debts deductible under section 214 (a)(7), of the contributions or gifts deductible under section 214(a) (11), and of any other deductions under section 214(a), which the section 204(a) calculation does not obviously take care of—all of which deductions are in no way connected with the trade or business regularly carried on by the taxpayer? We are speaking about that portion only of these deductions which is in no way connected with the taxpayer's regular trade or business.

One interpretation of section 204(a) would be to consider " deductions " and " deductible losses " as equivalent. If we can do this, the method prescribed in the Act is all-inclusive, and in every case will determine whether or not there is a " net loss," if the indicated calculation is made. The difficulty which arises when there are taxes, debts, contributions, etc., not connected with the business is thus avoided because they are *deductions* equivalent to *deductible losses* and under " (3) " are given the effect which Congress intended they should have upon "net loss."

Our objection to this solution is that it does not give any effect to the words " when so resulting," which appear in this section of the Act. It holds that the " net loss," as defined in the first clause of section 204(a), will be determined in every case if the calculation in the remainder of section 204(a) is carried out. It assumes that the Act would have been just the same if the words " when so resulting " had been omitted. If deductible losses are equivalent to deductions, why did Congress deem it advisable, when framing this section of the Act on deductions, to mention, in addition to three kinds of *losses*, taxes, debts, and contributions? We think that taxes, debts, and contributions, which may be deducted under section 214(a), are essentially different from any losses deductible thereunder and are not losses in any sense of the word. Another objection is apparent in the instant case, where this interpretation would allow the taxpayer a net loss of $28,766.86, which would have been decreased and wiped out by an excess of taxable gains outside of the regular business over outside losses had it not happened that in this particular year this taxpayer paid a large inheritance tax which, as a " deductible loss," stepped in and prevented the cancellation. Considering the whole section, we do not think that such was the intent of Congress.

There is another and more reasonable interpretation which avoids these absurdities and gives meaning to the words " when so result-

ing." In it we hold that the specific provisions of the calculation indicated in the latter part of the section are only applied in any given case in connection with the general provisions of the definition in the first part of the section, and it is only after consideration of both of these parts of the section that we get the true " net loss " as intended by Congress. The remainder of section 204 is inapplicable if the " net loss " results from something other than the operation of such trade or business. We do not assume that deductible losses and deductions are equivalent. Deductible taxes, debts, and contributions not connected with the trade or business regularly carried on by the taxpayer will not receive consideration under " (3)," and it is apparent that they will not be given any effect at any other place in the prescribed calculation. However, it does not follow that the effect upon " net loss," which Congress intended they should have, can not be given by the application of a common sense rule.

When a net loss is claimed and when, and only when, there are losses shown on the return from the operation of a trade or business regularly carried on by the taxpayer, we first subtract from the deductions allowed by section 214(a) those portions of taxes, debts, gifts, and contributions, which have no connection with the business but which are included in the total deduction, and then proceed with the calculation indicated in section 204(a) to arrive at the " net loss." Effect has thus been given to all parts of the section. If the return does not show a loss from the operation of a trade or business regularly carried on, then there can be no net loss, and it makes no difference that the entire return may show a loss, since we are not concerned with that loss which may have resulted from the deduction of taxes, debts, and contributions not connected with the regular trade or business, deductible losses not sustained in such trade or business in excess of taxable profit not derived from such trade or business, interest, or from some other deduction.

Under this interpretation it will be noted that the excess of taxable gains or profits outside the business over deductible losses outside the business decreases and, if large enough, wipes out the loss from the business regularly carried on, and it is not prevented from so doing by the fact that in the same year the taxpayer may have paid an inheritance tax, charged off bad debts, or made gifts or contributions all of which were deductible, but had no connection with the trade or business regularly carried on. This is the only case in which this interpretation gives a different result from the interpretation which we first discussed.

When there are losses shown on the return, we must first inquire whether these losses are the net losses defined in the first part of

section 204(a), or whether they are due to the deduction of taxes, debts, or contributions which had no connection with the business. If it appears that the losses are due entirely to the deduction of such taxes, debts, or contributions, we have arrived at the answer to our problem, which is that there is no "net loss." In some close cases it may be necessary to eliminate these taxes, debts, gifts, and contributions and then to apply the calculation indicated in the Act to see if there is a "net loss." These taxes, debts, gifts, and contributions can be subtracted from the deductions allowed by section 214(a) before the calculation is made or subtracted afterwards from the answer. In either case the result is the same. We think that this interpretation is reasonable and that it carries out the intent of Congress. If there is a net loss resulting from the operation of any trade or business regularly carried on by the taxpayer, that net loss is determined by this method. If the loss as shown by the return results from something other than such trade or business, by this method no "net loss" results.

In the instant appeal the petitioner's loss was partly due to the payment of an inheritance tax of $82,312.82. If he had not paid this inheritance tax in this particular year he would not have had a "net loss" for the year 1922, and therefore in this case it is not necessary to make the calculation, but if the calculation is made the result is the same—there is no "net loss."

The reason that the petitioner does not have a "net loss" is that the loss which resulted from his farming operations was overcome and wiped out by the excess of his taxable gains outside of that business over his deductible losses outside of that business. It is a mere incident that in this year he paid inheritance taxes, and Congress never intended, by section 204(a) of the Revenue Act of 1921, that a loss in one year due to such a cause should be carried over as a net loss in the following year.

> *Judgment will be entered for the Commissioner.*

TRUSSELL dissents.