Oscar E. Rehm, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 20633. Promulgated June 13, 1929.

*Camden R. McAtee, Esq.,* for the petitioner.
*Edwin M. Niess, Esq.,* for the respondent.

OPINION.

MARQUETTE: The petitioner claimed that in computing his net income for 1922 he has the right to deduct the net loss of $9,374.17 sustained by him in 1921, under authority of section 204 of the Revenue Act of 1921, which provides:

(a) That as used in this section the term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; * * *

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

The amount of the loss for 1921 is not in dispute.

We are unable to agree with the petitioner that he is entitled to the deduction claimed, for the reason that his dealing in stocks on his own account, which gave rise to the loss in question, did not, in our opinion, constitute a trade or business regularly carried on by him. On the contrary, they appear to be isolated and occasional transactions outside the scope of his regular trade or business. As he testified, he had for many years traded in the market " off and on." We have held that the term " trade or business regularly carried on " used in section 204 of the Revenue Act of 1921, means a vocation and not occasional or isolated transactions. *J. J. Harrington*, 1 B. T. A. 11, and *Fridolin Pabst*, 6 B. T. A. 843. In the *Harrington* case we said:

The expression " in trade " in paragraph (b) of the Revenue Act of 1913, which allowed as a deduction losses actually sustained during the year incurred *in trade*, and the expression a " *trade or business* " contained in section 209 of the Revenue Act of 1917, which imposes a profits tax of 8 per cent on trades or businesses having no invested capital, or only a nominal capital, have been defined by the United States District Court in the case of *Woods* v. *Lewellyn*, 289 Fed. 498, and by the United States Circuit Court of Appeals in the case of *Mente* v. *Eisner*, 266 Fed. 161.

In the case of *Mente* v. *Eisner, supra,* the court quoted Treasury Decision 2090 and approved it, stating as follows:

We think that the language "losses incurred in trade" is correctly construed by the Treasury Department as meaning in the actual business of the taxpayer as distinguished from isolated transactions. If it had been intended to permit all losses to be deducted it would have been easy to say so. Some effect must be given to the words "in trade."

In the case of *Woods* v. *Lewellyn, supra,* the court referred to and approved article 8 of Regulations No. 41, interpreting section 209 of the 1917 Act, in the following language:

In effect it interprets that section as placing a tax upon the *vocation* of a man who had done business during the year without invested capital. It taxes only income derived from activities in the exercise of the regular occupation, not sums earned incidentally by activities outside that regular occupation.

The expression *trade* or *business* as used in section 204 of the 1921 Act with reference to net losses is more limited and restricted than the word *trade* as used in the 1913 Act or the expression *trade* or *business* as used in the 1917 Act. The statute provides that the loss, in order to be deductible as a *net loss*, must not only have been incurred from the operation of a trade or business but from a trade or business *regularly carried on.* A trade or business regularly carried on must be held to mean a vocation and not occasional or isolated transactions.

*Judgment will be entered for the respondent.*