T. I. CRANE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27769.   Promulgated September 30, 1929.

*Laurence Graves, Esq.,* for the petitioner.
*Hartford Allen, Esq.,* for the respondent.

OPINION.

ARUNDELL: Section 204 (a) of the Revenue Act of 1921 defines the term " net loss " as one resulting from the operation of a trade or business regularly carried on by the taxpayer. We have held that it is not necessary that the loss result solely from the carrying on of a taxpayer's *principal* business, but it is sufficient if the loss results from the operation of any business if that business be one regularly carried on by the taxpayer. *Oscar K. Eysenbach*, 10 B. T. A. 716, and *E. M. Elliott*, 15 B. T. A. 494.

In *Flint* v. *Stone Tracy Co.*, 220 U. S. 107, the court adopted with approval the following definition of the term " business ":

" Business is a very comprehensive term and embraces everything about which a person can be employed." Black's Law Dict. 158, citing *People ex rel. Hoyt* v. *Tax Commissioners*, 23 N. Y. 242, 244. " That which occupies the time, attention, and labor of men for the purpose of a livelihood or profit." 1 Bouvier's Law Dict. p. 272.

See also *Von Baumbach* v. *Sargent Land Co.*, 242 U. S. 503. The above quoted definition of what constitutes a business, was followed by the Board in the cases of *Oscar K. Eysenbach, supra*, and *E. M. Elliott, supra*.

Respondent's position is that petitioner's sole business for the year 1921 was that of a salaried executive officer of various corporations. In reaching such a conclusion we think respondent failed to give sufficient consideration to petitioner's other activities.

The evidence satisfies us that petitioner was engaged in the business of financing mining and related corporations, and such financing involved thorough investigation as a preliminary, and regular supervision subsequent to the advancing of the money. This work took up all of his time with the exception of about one-half day a week, which was spent performing his duties as a salaried officer of two corporations. Petitioner derived profits from his business in two ways; first, the receipt of interest upon his loan, and, second, the receipt of dividends upon and profits from the sale of capital stock. His losses resulted from the failure of debtor corporations to repay loans and from the sale of stock at a loss.

From the foregoing it appears that during the year 1921 petitioner's business was not only that of a corporate executive officer, as conceded by respondent, but he regularly carried on the business of financing mining and related corporations, which financing sometimes took the form of loans and at other times the acquisition of stock in the company, the method followed being determined by the circumstances.

The losses of $104,125 and $34,524.81 sustained by petitioner in 1921 on loans made to the Alaska Mines Corporation, and the sale of stocks, should be taken into account in determining his net loss for that year under section 204 of the Revenue Act of 1921. Petitioner concedes that the claimed net loss of $28,059.52 should be reduced to $23,856.52 on account of nontaxable income not reported in his return as income, and contributions allowed as a deduction. The respondent contends that in the event we hold petitioner suffered a net loss, the amount allowable as a deduction from gross income in 1922 should not only be reduced by the above mentioned items, but by the sum of $1,824.38 for taxes paid by petitioner on his home. There is no evidence before us to establish that the property on which the taxes were paid was used by petitioner in any business regularly carried on by him. Accordingly, the sum of the claimed net loss should also be decreased by the amount of this item.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*