*Decision will be entered under Rule 50.*

J. KEARSLEY MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25569, 38460.   Promulgated February 27, 1930.

*W. W. Cunningham, Esq.,* and *Fred A. Woodis, Esq.,* for the petitioner.

*John D. Kiley, Esq.,* for the respondent.

84

OPINION.

STERNHAGEN: 1. For 1922 and 1925 petitioner claims deductions of statutory net losses of 1921 and 1924, respectively, under the Revenue Act of 1921, section 204, and the Revenue Act of 1924, section 206. Without setting forth these provisions of the statutes, it suffices to say that they restrict the losses which may be carried over from one year to another to such as result from or are attributable to " the operation of a trade or business regularly carried on by the taxpayer." The petitioner did not testify, the evidence being furnished by his secretary and accountant and by his attorney. Petitioner's business is thus described by his secretary, " He was a capitalist engaged in different enterprises and also president of the Philadelphia Rubber Company." Aside from this characterization, the evidence is only that he owned stock in several corporations, in some of which he exercised his power as controlling stockholder to dictate the personnel employed. To call petitioner a " capitalist " is not to say that he " operates a trade or business regularly carried on." *Elliott* v. *Frankfort, &c.,* 172 Calif. 261; 156 Pac. 481; *In re Green's Estate,* 178 N. Y. S. 353. Nor can this be said because petitioner is interested through stock ownership in corporations which possibly may be regularly engaged in the operation of a trade or business. *Fridolin Pabst,* 6 B. T. A. 843; affd., 36 Fed. (2d) 614; *Louis M. Goldberg,* 9 B. T. A. 1355; affd., 36 Fed. (2d) 551; *Harry J. Gutman,* 7 B. T. A. 500; *W. C. Harris,* 8 B. T. A. 1234; *J.*

*L. Washburn*, 16 B. T. A. 1091; *Garnet W. Coen*, 18 B. T. A. 1274. The Revenue Act of 1924, section 206, carries a more elaborate qualification of net losses which would, if necessary, require further consideration, but the scant evidence before us does not call for such discussion. Respondent denied that petitioner had in fact sustained the losses, and petitioner has wholly failed to prove it. He only begs the question by showing that he stated a loss on each return. We sustain respondent's disallowance of the deduction in 1922 and 1925 for net losses. This disposes entirely of Docket No. 38460.

2. The second item is claimed here for the first time and does not grow out of the respondent's disallowance of any deduction taken on the petitioner's return. On his return petitioner made no reference to a deduction for depreciation of the improvements made by the Keystone Co. on the land at Oaks. He now contends that he is entitled to such a deduction. We see no occasion to discuss the theory appearing in petitioner's pleading and suggested at the trial. The evidence is not sufficient to establish any basis for depreciation. Petitioner made no investment himself and he can not deduct depreciation on the basis of another's cost. The tenant itself seems to have set up depreciation on the property. Furthermore, assuming that the basis were proved, the rate or amount of exhaustion, wear and tear for the years in question of the depreciable property is not established. On this point, petitioner has failed.

3. The item of $10,000 deduction in respect of the payment on the McGinley and Mackie contract was not claimed on petitioner's return and does not, therefore, appear as a disallowance in the respondent's determination. Petitioner now claims it as a loss sustained in 1922. Whether there was a loss, however, does not appear. Petitioner had received the stock in 1920, and prior thereto he had recovered the judgment of $500,000. If these payments in 1922 were simply the final payments for benefits derived in 1920 and the circumstances were such as to tie together the judgment and stock received with the payments made, it could not be said that the payments were a loss. In the doubtful condition of the evidence, we think the deficiency should not be reduced on this account.

4. Petitioner also claims a deduction not taken on his return of interest due from him. He made his return on the basis of actual disbursements and the interest referred to was admittedly not paid.

In addition to these issues, petitioner alleges that his income for 1922 should be increased by $4,454.46 expended by the Keystone Co. for improvements at Oaks. Despite respondent's " admission," the evidence does not justify the increase, and we leave the deficiency as stated in the notice.

*Judgment will be entered for the respondent.*