A. LYNTON JONES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 36119.    Promulgated March 31, 1930.

*Louis E. Spiegler, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

SEAWELL: The Revenue Act of 1924, section 206 (f), provides:

If for the taxable year 1923 a taxpayer sustained a net loss within the provisions of the Revenue Act of 1921, the amount of such net loss shall be allowed as a deduction in computing net income for the two succeeding taxable years to the same extent and in the same manner as a net loss sustained for one taxable year is, under this Act, allowed as a deduction for the two succeeding taxable years.

The Revenue Act of 1921, section 204 (a), provides:

That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: * * *

It is stipulated that the petitioner sustained a loss of $13,638.65 during the year 1923, and it is contended in his behalf that such loss was in fact a "statutory net loss" which he was entitled to carry forward as a deductible net loss in the succeeding taxable period, January 1 to August 31, 1924. It is further agreed between the parties to these proceedings that, if the petitioner is not entitled to the deduction as claimed, the Commissioner's determination should be approved.

The petitioner was in the cotton business prior to and in the year 1923, in which latter year he organized a corporation to carry on the cotton business in which he had been engaged. The corporation resulted in failure in 1923, went into liquidation in May of that year and the petitioner suffered a loss on account of his connection there-

with, which loss he reported on his 1923 tax return and which was allowed as a legitimate deductible loss, after allowing which there remained a net loss of $13,638.65, now sought to be carried forward and deducted from 1924 income as a statutory net loss.

After the failure and liquidation of the corporation mentioned, petitioner continued in the cotton business on his own account for some months until he formed a partnership cotton business with one S. W. Harris. Such partnership was successful and from petitioner's income derived therefrom, from January 1 to August 31, 1924, he insists he should be allowed to deduct as a statutory net loss the aforesaid $13,638.65, lost in 1923, due to his unfortunate connection with the corporation he organized as Harris & Jones Co., Inc.

The business of that corporation was "buying and selling cotton, mostly exports to foreign markets." Petitioner himself so testified, yet it is now insisted in his behalf that such operation of the corporation was a "trade or business regularly carried on" by him and should be treated and dealt with in the same manner as if carried on by him as his individual business, as he gave his time, attention and labor to it for the purpose of a livelihood or profit, and it was simply "his business," which for special reasons had been incorporated.

Numerous cases are cited as authorities in support of petitioner's contention and plausible arguments made to sustain same, but we are not thereby convinced of the correctness of the insistence.

The fallacy of the arguments is in the failure to distinguish between the corporation and the individual or between the corporation and a stockholder who has or may have a controlling interest therein. They are separate entities and are in the revenue law dealt with as such.

We do not deem it necessary to take up each case cited and discuss it at length in order to distinguish it from cases we have decided contrary to the petitioner's contention.

We may state, however, that the case of *Philip Kobbe Co.*, 4 B. T. A. 663, relied on by petitioner, is different and clearly distinguishable from the instant case. In that case the business regularly carried on by the taxpayer, the *Philip Kobbe Co.*, was that of "advertising" and the stock of another concern which it purchased and on which it suffered a loss was purchased in furtherance of its advertising business and only for the purpose of procuring valuable advertising contracts. In said case a statutory net loss was allowed the Kobbe corporation in the taxable year in question. The corporation suffered the loss as claimed and was allowed the net loss as a deduction in the following year.

In the instant case we are asked to virtually disregard the corporate entity and treat its business as the business of one stockholder, the petitioner.

In the cases of *Charles H. Van Etten*, 8 B. T. A. 611, and *Lawrence J. Montgomery*, 17 B. T. A. 1308, cited in behalf of petitioner, the facts are quite different from those in the instant case.

In the case first mentioned (8 B. T. A. 611) the petitioner was engaged in securing and financing contracts with cities for garbage disposal, such contracts being assigned to and financed through corporations, and as an incident to such business petitioner had to help finance such corporations with his personal funds. The securing and financing contracts with cities was a business, petitioner's business. Losses so sustained by him were allowed in computing a net loss under section 204 of the Revenue Act of 1921.

*Lawrence J. Montgomery*, 17 B. T. A. 1308; *Oscar K. Eysenbach*, 10 B. T. A. 716; *Harry Hartley*, 16 B. T. A. 1019; *Maude Enella Brickell*, 17 B. T. A. 711; *T. I. Crane*, 17 B. T. A. 720, cited and relied on by petitioner, while in some respects similar, are yet so different in their nature from the instant case that the decisions of the Board therein are not applicable and controlling in the instant case.

In I. T. 2095, C. B. III-2, p. 46, cited by the petitioner, it was held that a net loss sustained by a corporation in the calendar year 1923 may be deducted in computing the net income for the period January 1 to June 30, 1924, where the corporation secured permission to change its taxable year to a fiscal year ending June 30.

In the instant case, however, it is not, as heretofore indicated, the corporation that is seeking to carry forward a loss occurring in one year and deduct it from income of a subsequent taxable year, but an individual stockholder therein, claiming the right to do so on the ground that the trade or business of the corporation is his trade or business, absolutely disregarding the corporate entity.

The petitioner, in the circumstances of this case, has not in our opinion brought himself within the principle or rule relied on in G. C. M. 5457, C. B. VIII-1, p. 157.

In our opinion, the facts and circumstances of the instant case are such that our decision herein is controlled by *Harry J. Gutman*, 7 B. T. A. 500, and *W. C. Harris*, 8 B. T. A. 1234.

In the *Gutman* case, *supra*, which is very similar to the instant case, we stated:

The petitioner's ownership of his stock in the Vogue Company bears no semblance to a " trade or business regularly carried on." The Vogue Company, however, did regularly carry on a business. If the loss sustained by the corporation in 1922 had not resulted in its insolvency; if it had carried on in the next year, it is clear that it and not the petitioner would have been entitled to the deduction of a " net loss " in 1923. We find nothing in the statute which justifies us in holding that total insolvency of a corporation gives to a stockholder this benefit which he would not possess if the corporation had done business in the succeeding year.

We are asked in this proceeding to disregard the corporate entity and hold that the petitioner was in fact a part owner of the business and that the business carried on by the corporation was his business to the extent of his stockholdings. In this connection our attention is invited to the fact that petitioner was the largest stockholder in the corporation, was its manager, and gave to it the whole of his time. This is true in nearly every case where an owner incorporates his business and assumes the management of the corporation. In such a case the stockholder would ordinarily vigorously call to his aid the corporate protection if called upon to respond to corporate liabilities. The corporate entity is just as vital when a stockholder seeks benefits as when he resists liabilities. The ownership of corporate stock, it matters not how great the proportion, does not confer ownership of corporate assets or of the corporate business. *Appeal of Regal Shoe Co.*, 1 B. T. A. 896. Under the facts of this case, it is impossible for us to disregard the corporate entity of the Vogue Company; much less can we hold that concern was a partnership of which petitioner was a member. Cf. *J. J. Harrington*, 1 B. T. A. 11; *William J. Robb*, 5 B. T. A. 827; and *H. J. Schlesinger*, 5 B. T. A. 943.

In the *Harris* case, *supra*, where similar facts to those in the instant case existed, our decision was to the same effect.

See also *Isadore Finkelstein*, 10 B. T. A. 585; *Meyer Levy*, 10 B. T. A. 907; *Margaret B. McLaughlin, Executrix*, 12 B. T. A. 19; *Garnet W. Coen*, 18 B. T. A. 1274; and *J. Kearsley Mitchell*, 19 B. T. A. 83.

On the authority of our prior decisions cited, *supra*, we approve the action of the Commissioner in disallowing as a deductible net loss in the taxable year 1924 the amount claimed by the petitioner as such.

*Judgment will be entered for the respondent.*