*6 OPINION.
ARUndell:
There is no dispute as to the amount of the loss sus-
tained, the point in issue being simply whether it was a “ net loss ” within the meaning of the statute.
A loss to be deductible in computing net income must be one resulting from the operation of a trade or business regularly carried on *7 by a taxpayer. Section 204(a) of the Revenue Act of 1921; section 206(f) of the Revenue Act of 1924. A definition of the term “ business ” adopted by the court in Flint v. Stone Tracy Co., 220 U. S. 107, and frequently cited by us, T. I. Crane, 17 B. T. A. 720, Elmore L. Potter, 18 B. T. A. 549; is as follows:
“ Business ” is a very comprehensive term and embraces everything about which a person can be employed. Black’s Law Dictionary, 15S, citing People ex rel. Hoyt v. Tax Comrs., 23 N. Y. 242, 244. That which occupies the time, attention and labor of men for the purpose of a livelihood or profit. 1 Bouvier’s Law Diet., 273.
The business in which the loss was sustained must have been engaged in to the extent of amounting to a vocation. J. J. Harrington, 1 B. T. A. 11.
Since 1902 petitioner has been devoting his time and attention to a branch of the mercantile business. He entered the service of Anthony Brothers as a clerk and afterwards was employed by the partnership as manager of its store. He was secretary and general manager of Anthony Brothers, Inc., from 1910, the year in which he and others organized the corporation, until 1914, when he became the corporation’s president. Either individually, or in connection with other persons, he organized a number of other corporations to engage in'the mercantile business in other cities. He not only acquired stock in all of these corporations, of most of which he was president, but financed and actively managed and directed their affairs. Petitioner rendered financial aid to all of the corporations by endorsing their paper. In addition, he loaned Anthony Brothers, Inc., stock to use as collateral for loans, sold some of his real estate to raise funds to pay its debts, and used other funds to pay its financial obligations.
The activities of petitioner in connection with the organization and operation of these corporations were closely related, each dependent upon the other. In addition to a return on his investment in the stock of the corporations, he received as income a yearly salary or drawing account in the amount of $4,800 from Anthony Brothers, Inc., and a commission of 10 per cent on the net profits of the several corporations.
The facts, in our opinion, show that in 1923 and for many years prior thereto, petitioner, in addition to being a corporate executive, was engaged in organizing, financing and managing corporations carrying on a branch of the mercantile business. In this business he invested his money and devoted all his time. See T. I. Crane, supra, and Elmore L. Potter, supra. The loss of $34,142.26 sustained by petitioner in 1923 on his investment in stock of Anthony Brothers, Inc., is a “ net loss ” deductible in computing his net income for 1924.

Decision will be entered under Buie 50.