**CADWALADER v. LEDERER, Collector of Internal Revenue.**

(District Court, E. D. Pennsylvania. January 24, 1921.)

No. 7026.

1. **Internal revenue ⚖︎7—That excise tax is measured by income return does not make it an income tax.**

That the excise tax levied by Congress on all those engaged in any kind of business is measured by the income return does not make an income tax of what is really an excise tax, or charge made for the privilege enjoyed.

2. **Internal revenue ⚖︎9—Attorney receiving commissions for acting as executor, but not making a business of so acting, not subject to excise tax.**

Under the act of Congress imposing an excise tax on all those engaged in any kind of business, and the regulations thereunder, the question of liability to the excise tax depends upon whether the taxpayer made a business of doing what he did do, and not on the distinction made by some political economists between earned and unearned income, or in the fact as to whether the income comes from a taxpayer's personal labor or from investments, and hence an attorney, acting as executor and receiving commissions as such, but not making a business of so acting, is not subject to the excise tax.

3. **Internal revenue ⚖︎38—Plaintiff, suing to recover excise tax, has burden of making out case.**

One bringing suit to determine the lawfulness of a tax payment exacted of him had the burden of making out his case, by showing that he was not subject to the excise tax exacted.

4. **New trial ⚖︎5—Not granted when case substantially a case stated and is to be appealed.**

Where the case is substantially a case stated, and is to have an appellate experience, a new trial will not be granted, as the only difference would be in the party appealing.

At law. Action by John Cadwalader, Jr., against Ephraim Lederer, Collector of Internal Revenue. On motion for a new trial after verdict for plaintiff. Motion denied.

Thomas Raeburn White, of Philadelphia, Pa., for plaintiff.

Charles D. McAvoy, of Philadelphia, Pa., U. S. Atty., for defendant.

DICKINSON, District Judge. This action was brought to determine the lawfulness of a tax payment exacted of plaintiff. No other question is raised. Although no longer of as much practical importance as formerly, the distinction between an excise and direct tax remains. It is preserved in our current tax laws. It is the distinction (if not difference) between an income or direct tax and an excise tax, based upon the privilege of following some trade, profession, occupation, calling, or business. We now have both taxes, but the rate of assessment differs. To this difference in rate is due the present controversy. The plaintiff asserts that he should pay at the income rate; the defendant insists that the excise rate governs.

⚖︎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[1] There is another line of distinction, not easy to draw, but commonly recognized. It marks the line which separates those who are engaged in the profession or business of doing certain things and those who occasionally do the same things, but who do not make a profession or business of doing them. It was upon this distinction that the instant case was tried. The plaintiff makes a profession of the practice of the law. Speaking in commercial terms, that is his business. Congress has levied an excise tax, to be paid by all who are thus engaged in any kind of business. It happens that the tax is measured by the income return. This is a mere coincidence, and this mere circumstance does not make an income tax of what is really an excise tax, which might be levied in the form of a flat sum. An excise tax is in a very real sense a charge made for the privilege enjoyed. Of course, in the sense of benefits received, this is also true of every tax.

The plaintiff made return of the income derived from the practice of his profession, and based on this paid what we have called the excise tax. It happens that he is also executor and trustee of the estate of a deceased friend, and as such received a commission. Of this he also made a return, including it with other income received as income from other sources than his profession. Upon this he admits he should pay what we have called an income tax. The defendant, however, exacted payment, upon this part of his income, on the excise tax basis. The theory upon which the defendant justifies the tax levy made by him is evolved out of the following propositions:

(1) There is now a known business, in which trust companies, at least, engage, known as the business of acting in any fiduciary relation. This is undisputed.

(2) The plaintiff received an income for doing one of the things which trust companies make a business of doing. This also is undenied.

(3) The plaintiff was engaged in a recognized business, and we need not concern ourselves with the inquiry of how limited or extensive the business was, except in so far as this measures the amount of the tax.

It is over the third proposition the parties lock horns. The argument of the plaintiff is that, although it is true that trust companies, and perhaps individuals, make a business of acting as executors and trustee, it does not follow that the plaintiff does so. Whether he does so is a fact to be found, and liability to an excise tax depends upon that finding.

The jury found for the plaintiff. We have in consequence this fact in the case that the plaintiff does not make acting as executor and trustee any part of his profession or business. There might be some doubt of the propriety of submitting this question to the jury. The plaintiff asked the trial judge so to do, and it was done on the theory that it did the defendant no possible harm, as he was asking for a directed verdict in his favor.

[2] As the case was tried, it now turns upon the question of law of whether liability to an excise tax depends upon the fact that the

taxpayer was doing what it is the recognized business of some people to do, or whether it depends upon the fact that the taxpayer made a business of doing what he did do. If the latter is the turning point of the case, we see no reason to disturb the verdict.

The decisive proposition as now urged, however, is somewhat different. It is, as nearly as we can phrase it, that Congress has imposed the excise rate of tax upon all income, the source of which in whole or part is the personal labor of the taxpayer, as distinguished from income derived from rents, interest, dividends, or other sources commonly spoken of as investments. In other words, the difference in the rate is not based upon the distinction between direct and excise taxes, but upon the distinction which some political economists make between "the earned and the unearned increment," using the latter term in the broad sense of any income toward which personal service has contributed nothing.

Another example of the distinction is that made between a business to which those engaged in it devote their personal services, but employ only "a nominal capital," or none at all, and the same kind of a business in which a substantial capital is employed.

With respect to the theory on which the case was tried, it seems to us that it is very fairly and clearly stated in article 8 of the regulations. A contrast is there drawn, or at least distinction made, between what a person makes it his trade, profession, business, or emphatically vocation to do, what he holds himself out as prepared to do, and some particular thing of the same kind, which he does, but which is an incidental, accidental, isolated, particular thing, which he happened to do. We confess, however, our inability to grasp the thought of a distinction between such isolated things, growing out of the importance of the thing done or the demands which it makes upon the time of the person doing it. It seems to us that this works confusion in the thought of the real distinction as expressed in the regulations.

The whole thought is conveyed in an expression which is not uncommon when a person is asked to do something which, as another expression goes, is "out of his line." The expression first referred to is, "I don't make a business of doing this, but I will do it for you." The doing of it may result in such person devoting practically his whole time to it, without involving the thought of making it his business. There is much the same distinction made between amateurs and professionals in athletics, although the test usually applied there is the commercial test. Nevertheless the distinction referred to exists. The amateur does not make, as the professional ex vi termini does, the sport his trade, occupation, business, or profession, even although he, as he not infrequently does, devotes more time in developing and perfecting skill in it than the avowed professional does. The difference is suggestive of a difference in motive, but there is the other thought also.

[3] This case, however, has taken a turn which compels us to take an altogether practical view of the disposition to be made of it. The burden was, of course, upon the plaintiff to make out his case. This

273 F.—56

he did, if the theory, upon which the case was submitted, was the true theory, by his testimony that his profession was that of a lawyer, and that he did not make a business of acting as executor, although he had so acted in one isolated case, wholly disassociated from his professional work.

There was no controversy over any of the evidentiary facts, except as to their relevancy. Some evidence was offered, and objected to as irrelevant. The trial judge had in mind the expectation that he would be asked to direct a verdict for the plaintiff or the defendant. The question of the admission or rejection of evidence was in this view of no practical importance, as all the questions could be considered at the same time. The evidence was in consequence all admitted, subject to the objection, and the parties were protected in their rights by acting on the suggestion to move to strike out. Everything either party had to offer was permitted to go in under this arrangement, and it was given no attention. When, however, the case unexpectedly took the turn of a jury case, the evidence became of at least technical importance. No one recalled definitely what evidence was subject to objection. The situation was summarily and perfunctorily met by granting or refusing (whichever was done) all motions to strike out. There were no trial rulings of any real importance. Both parties have their respective positions presented in the admitted facts.

The question raised, as before stated, is essentially one of law. There is nothing to be gained by a retrial of the case. It is substantially a case stated, and the practically sensible thing to do is to dispose of it as such.

[4] We find no trial errors, if the case was submitted upon the right theory, and, as already found, we see no reason to disturb the verdict. We are by no means so clear that the trial theory is the right theory upon which to enter judgment. If the case is to have an appellate experience, the only difference which the judgment entered makes is in the party appellant and appellee. There is no value in this difference which would justify a new trial.

The motion for a new trial is denied, and plaintiff has leave to enter judgment on the verdict.