T. Irving Hadden, Executor, Estate of Luther Kountze, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 16398.   Promulgated October 15, 1929.

*Lyle T. Alverson, Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, and *Frank S. Surene, Esq.*, for the respondent.

958

960

OPINION.

MURDOCK: There is no deficiency in this case, due to the bar of the statute of limitations. The reasons for this are more fully set out in the companion case to this one, *Annie P. Kountze*, decided this day. The difference in dates of the filing of the return and of the Commissioner's final determination make no material difference in the two cases. In principle they are the same.

In this case as in the *Annie P. Kountze* case, counsel for the petitioner asked for a decision on the merits, even though we held that the statute of limitations barred the determination and collection of the deficiency.

For the same reasons as set forth more fully in the *Annie P. Kountze* case, we can not hold that the Commissioner erred in holding that certain portions of the distribution received by Luther Kountze from the United Thacker Coal Co. in 1917 were of income and profits accrued since March 1, 1913.

During the year 1917 Luther Kountze received $400,000 as a commission for the sale of part of the real estate of the United Thacker Coal Co. The evidence discloses that he was not in the real estate business and that this transaction was an isolated one so far as he was concerned as an agent. Only income received from a trade or business is subject to the war-excess-profits tax. *Charles L. Suhr*, 4 B. T. A. 1198; *Lederer* v. *Cadwalader*, 273 Fed. 879; *Fleming* v. *Bowers*, 11 Fed. (2d) 789; *Faust* v. *United States*, 65 Ct. Cls. 676. The sum received by Luther Kountze was not income from his trade or business and was not properly subjected to the war-excess-profits tax.

He also received $12,500 in 1917 as a commission for services as an executor of the estate of his brother. The award was made by the court in 1907, but the evidence fails to show the value on March 1, 1913, of his right to receive this commission. From an examination of the account as approved by the court, it would appear that the award was not worth face value in 1913 because there were not sufficient funds then available to pay the various commissions awarded by the court. The principal items in the balance charged to the executors were pictures and household furnishings charged with a life estate. We do not know when this life estate might have been expected to cease and release the articles for disposition by the executors. To the extent that the payments in 1917 represented an increment in value after March 1, 1913, of the right to the award, Kountze surely received taxable income. Not knowing the amount of the increment, we can not say the payments were not subject to tax. These amounts were not, however, income from his trade or business and were not subject to the war-excess-profits tax.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*

GREEN did not participate.