AKTIESELSKABET DET OSTASIATISKE KOMPAGNI (THE EAST ASIATIC CO., LTD.), PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18602. Promulgated March 17, 1930.

*Harry W. Forbes, Esq.,* for the petitioner.
*F. R. Shearer, Esq.,* for the respondent.

OPINION.

TRUSSELL: The record in this case establishes the facts that during the year 1919 the petitioner was a foreign corporation and that it then received from a domestic corporation a payment of $20,043.05, which was made and received pursuant to the terms of a written contract, the provisions of which are set out in the findings of fact. The liability, if any, of the petitioner to income and profits taxes, or either of the same, is governed by the provisions of the Revenue Act of 1918.

Section 233 (b) of the Revenue Act of 1918 provides:

In the case of a foreign corporation gross income includes only the *gross income from sources within the United States*, including the interest on bonds, notes, or other interest-bearing obligations of residents, corporate or otherwise, dividends from resident corporations, and including all amounts received

(although paid under a contract for the sale of goods or otherwise) representing profits on the manufacture and disposition of goods within the United States. (Italics supplied.)

Section 237 of the Revenue Act of 1918 provides:

That in the case of foreign corporations subject to taxation under this title not engaged in trade or business within the United States and not having any office or place of business therein, there shall be deducted and withheld at the source in the same manner and upon the same items of income as is provided in section 221 a tax equal to 10 per centum thereof, and such tax shall be returned and paid in the same manner and subject to the same conditions as provided in that section: *Provided,* That in the case of interest described in subdivision (b) of that section the deduction and withholding shall be at the rate of 2 per centum.

In the Treasury Department regulations, made in pursuance of the Revenue Act of 1918, some of the pertinent provisions are:

ART. 503. *Corporations liable to tax.*—Every corporation, domestic or foreign, not exempt under section 231 of the statute, is liable to the tax. * * *

ART. 625. *Returns of foreign corporations.*—Every foreign corporation having income from sources within the United States must make a return of income on form 1120. If such a corporation has no office or place of business here, but has a resident agent, he shall make the return. It is not necessary, however, for it to be required to make a return that the foreign corporation shall be engaged in business in this country or that it have any office, branch, or agency in the United States.

Although the issue is raised it does not appear to be seriously contended on the part of the petitioner that the payment which is the subject matter of this action was not an income payment, and upon consideration of all the testimony and the record in this case we hold that the petitioner was in receipt of an income payment in the amount above mentioned and that it is liable to an income tax upon such income computed in accordance with the statute.

In respect of petitioner's liability to an excess-profits tax we find in section 301 (b) that "every corporation" (with certain exceptions not important here) shall be subject to the excess-profits taxes levied by Title III of the Revenue Act of 1918, and in section 320 (a) (3) there is a provision that the income subject to the excess-profits tax shall be the same income which is subject to the income tax under Title II.

In this Title III, levying excess-profits taxes, there is not only no exemption of foreign corporations, but, on the other hand, there are several provisions directly applicable to the computation of taxes upon such foreign corporations.

The petitioner challenges its alleged liability to an excess-profits tax on the ground that it was not engaged in business within the

United States and cites in support of its position several court decisions such as *Cadwalader* v. *Lederer*, 273 Fed. 879; affd., 274 Fed. 753. This and the other cases cited involve individual persons made subject to excess-profits tax under the Act of 1917 upon such part of the income of such persons as was derived from the carrying on of a business. These cases are not applicable to a corporation under the Act of 1918, whether such corporation be domestic or foreign.

We are thus brought to the conclusion that this petitioner is not only liable to the so-called normal tax levied by Title II of the Revenue Act of 1918, but is also liable to the excess-profits tax levied by Title III of said Act.

Petitioner has further challanged the legality of the excess-profits tax computed by the respondent on the further grounds that the petitioner has been compared with corporations engaged in the importing business and alleging that such corporations are not proper comparisons. · The record does not show what corporations the respondent has used in arriving at his determination of the rate of excess-profits tax; neither has petitioner moved for the redetermination of its liability to excess-profits tax under the provisions of the Board's Rule 62 (c). It appears, however, from the deficiency letter addressed to the petitioner that the excess-profits tax has been computed as in the amount of $3,064.58, which is approximately 15.3 per cent of petitioner's income from sources within the United States. This figure of excess-profits-tax liability appears on its face to be sufficiently modest in amount as not to warrant the presumption that it is out of proportion either in ratio or in total amount to taxes paid by other taxpayers, whether foreign or domestic, and we are of the opinion that the petitioner has no proper ground of complaint on account of the amount of the liability alleged.

*Judgment will be entered for the respondent.*