BRYCE et al. v. KEITH, Collector of Internal Revenue.

(District Court, E. D. New York. March 26, 1919.)

INTERNAL REVENUE ⊜⇒7—INCOME TAX—DEDUCTIONS—"LOSS INCURRED IN TRADE."

Loss of the value of corporate stock, acquired by numerous transfers of property to the corporation and payment of corporate debts, transactions carried on for a considerable period, complicated in character and involving large sums of money, so that they must have required much time and attention, is a loss incurred in trade, which can be deducted from the gross income under Income Tax Act, § 2, par. "b."

In Equity. Suit by Peter Cooper Bryce and another, as executors of the will of Edith C. Bryce, deceased, against Henry P. Keith, Collector of Internal Revenue for the First District of New York. On plaintiff's motion for judgment on demurrer to complaint interposed by defendant. Demurrer overruled, with leave to answer.

Parsons, Closson & McIlvaine, of New York City, for plaintiffs.
Melville J. France, U. S. Atty., of Brooklyn, N. Y., for defendant.

GARVIN, District Judge. Plaintiffs move for judgment upon the demurrer to the complaint interposed by the defendant. The complaint sets forth the following facts: That plaintiffs are the surviving executors of Edith C. Bryce, deceased, who died April 29, 1916. That on various dates between October 6, 1908, and February 4, 1910, inclusive, she had traded certain glue and gelatine, glue and gelatine stock, and machinery worth $225,000 for 2,250 shares, of the par value of $100 each, of the capital stock of Peter Cooper's Glue Factory, a

corporation, and had sold to said corporation other similar materials worth and at an agreed value of $471,594.72. That she had eventually accepted in payment of the agreed purchase price therefor, and of other indebtedness of the corporation to her for rent, interest, and insurance premiums, amounting to $28,405.28, 5,000 other shares of said stock, making 7,250 shares thereof altogether, which 7,250 shares were all so acquired by her on and prior to February 4, 1910, at a total cost to her of $725,000 as aforesaid. That on or about June 10, 1914, all of the assets of said Peter Cooper's Glue Factory were sold for a sum insufficient to pay its debts, and said stock thereupon became entirely worthless, and the said sum of $725,000 was thereupon and during the year 1914 actually charged off as a loss on the books of said Edith C. Bryce. That prior to March 1, 1915, and on or about February 27, 1915, under and pursuant to the provisions of the statute known as the "Federal Income Tax Law," to wit, section 2 of the Act of Congress, approved October 3, 1913, c. 16, 38 Stat. 114, entitled "An act to reduce tariff duties and to provide revenue for the government and for other purposes," she duly made to and filed with the defendant as collector of internal revenue of the United States of America for the First district of New York a return of her gross income during the year 1914 and of certain items claimed by her to be properly deductible therefrom in order to determine her net income for that year subject to the tax imposed by said statute. The said return stated her gross income to be, as in fact it was, $428,071.67, and claimed as an item properly deductible, the said sum of $725,000, as a loss actually sustained by her during 1914, incurred in trade and not compensated for by insurance or otherwise. That thereafter the Commissioner of Internal Revenue assessed a tax against her in the sum of $12,336.44, which amount was fixed without allowing any deduction whatever for the said sum of $725,000. That the plaintiffs paid this tax involuntarily, under protest, under duress, under threat of distraint against their property, and after the defendant, as collector as aforesaid, had demanded the same.

From the complaint it cannot be determined what proportion of the loss sustained by the decedent occurred between March 1, 1913, and June 10, 1914 (that being a matter of proof), and as the only question raised by the demurrer is whether the plaintiffs are entitled to any relief whatever, it is proper to consider at once whether any part of such a loss as the decedent sustained may be deducted.

The return was made for the year 1914 under the act of Congress approved October 3, 1913, paragraph "b" of section 2 of which provides:

"That in computing net income for the purpose of the normal tax there shall be allowed as deductions: * * *

"Fourth, losses actually sustained during the year, incurred in trade or arising from fire, storms, or shipwreck, and not compensated for by insurance or otherwise."

The defendant claims that no part of the stock loss was a loss "incurred in trade," within the meaning of the act.

The transactions by which the decedent became the owner of the

stock were carried on over a considerable period, were complicated in character, involved a very large sum of money, and must have required much of her time and attention, and I am of the opinion that they were of the character contemplated by Congress as "incurred in trade."

The wording of Treasury Decisions, T. D. 1989, dated June 2, 1914, bears out this view:

"Losses actually sustained during the year incurred in trade are limited by the language of the act itself. In trade is synonymous with business; business has been defined as that which occupies and engages the time, attention and labor of any one for the purposes of livelihood, profit, or improvement; that which is his personal concern or interest; employment, regular occupation, but it is not necessary that it should be his sole occupation or employment. The doing of a single act incidental or of necessity not pertaining to the particular business of the person doing the same will not be considered engaging in or carrying on the business. It is therefore held that no losses are deductible in a return of income save and only those losses permitted and provided for by the statute, viz. those actually sustained during the year, which are incurred in trade."

In overruling the demurrer, the question of the amount of, or method of arriving at, the proper deduction, is not decided.

Demurrer overruled, with leave to answer in 20 days from the service of the order to be entered herein.