## LEDERER, Collector of Internal Revenue, v. CADWALADER.

(Circuit Court of Appeals, Third Circuit. August 18, 1921.)

### No. 2667.

**Internal revenue ☞7—Commissions received by a lawyer as executor not subject to excess profits tax as income from "trade or business."**

Commissions received by an attorney as executor of a decedent's estate *held* not subject to excess profits tax under Revenue Act Oct. 3, 1917, § 209 (Comp. St. 1918, § 6336⅜j), imposing a tax on the net income of a "trade or business" having no invested capital, including under section 200 (section 6336⅜a) "professions and occupations," as distinguished from the tax on income derived from trades or businesses having invested capital, under sections 201–208 (sections 6336⅜b–6336⅜i), notwithstanding section 206 (section 6336⅜g), providing for the ascertainment of the net income on the same basis and in the same manner as provided in section 1200 (section 6336b), amending Act Sept. 8, 1916, tit. 1, § 2, defining income to include "income derived from any source whatever," since taxes on income from a "trade or business" are taxes on the trade, business, profession, or occupation of the taxpayer himself; the executorship not constituting the trade, business, profession, or vocation of such attorney.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Business; Trade.]

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Proceeding by John Cadwalader, Jr., against Ephraim Lederer, Collector of Internal Revenue. Judgment for plaintiff (273 Fed. 879), and defendant brings error. Affirmed.

Charles D. McAvoy, U. S. Atty., and T. Henry Walnut, Sp. Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff in error.

Thos. Raeburn White, of Philadelphia, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge. John Cadwalader, Jr., plaintiff below, was appointed executor and trustee of the estate of Mr. Eckley B. Coxe, who died in 1916. His account, filed in 1917, showed that he received in commissions as executor $28,974. Ephraim Lederer, collector of internal revenue for the First district of Pennsylvania, imposed an excess profits tax under the Revenue Act of October 3, 1917 (40 Stat. 300 [Comp. St. 1918, § 6336⅜a et seq.]), for the calendar year of 1917, of $1,971.23 on these commissions, which plaintiff paid under protest and for the refund of which he immediately filed a claim, which was rejected. These proceedings were instituted to recover the tax thus paid. The case was tried to a jury which rendered a verdict in favor of the plaintiff and the defendant is here on writ of error.

The tax was levied under the authority of section 209 of the act (section 6336⅜j), which provides:

"That in the case of a trade or business having no invested capital or not more than a nominal capital there shall be levied, assessed, collected and paid,

in addition to the taxes under existing law and under this act, in lieu of the tax imposed by section two hundred and one, a tax equivalent to eight per centum of the net income of such trade or business."

This is the only section of the act designed to reach the income derived from a trade, business, or profession in which no capital or only a nominal capital is invested. The tax "equivalent to eight per centum" assessed by this section is in lieu of the higher tax imposed by section 201, in which capital is invested.

The determination of this case depends upon what is meant by "trade or business," which, as defined by section 200 of the act (section 6336⅜a), includes "professions and occupations."

The defendant contends that "trade or business" as used in section 209 comprehends all the activities of an individual of every kind which may be followed and called a trade, business, profession, occupation, or vocation; and the income received from such activity if engaged in only a single time is taxable under this section because such activity may be followed as a vocation or profession. According to this view, it makes no difference whether the income is received from a vocation or avocation, if the activity is such that it may be followed by some one as a trade, business, or profession. If this position is correct the defendant's motion for a nonsuit should have been granted.

The plaintiff tried his case on the theory, which he is seeking to maintain here, that to be taxable under section 209 of the act, the income, in the case of an individual, must be derived from some activity engaged in with such frequency and to such extent that it may be called *his* trade, business, profession, occupation, or vocation, and that income derived from any activity not so engaged in by an individual is not taxable under this section as "war excess profits tax."

This section has been construed by the Secretary of the Treasury, who is charged with the administration of the act, in article 8 of the Regulation No. 41 in the following language:

" 'Trade' in the Case of Individuals.—In the case of an individual, the terms 'trade,' 'business,' and 'trade or business' comprehend all his activities for gain, profit, or livelihood, entered into with sufficient frequency, or occupying such portion of his time or attention as to constitute a vocation, including occupations and professions. When such activities constitute a vocation they shall be construed to be a trade or business whether continuously carried on during the taxable year or not, and all the income arising therefrom shall be included in his return for excess profits tax.

"In the following cases the gain or income is not subject to excess profits tax; and the capital from which such gain or income is derived shall not be included in 'invested capital': (a) Gains or profits from transactions entered into for profit, but which are isolated, incidental, or so infrequent as not to constitute an occupation; and (b) the income from property arising merely from ownership, including interest, rent, and similar income from investments except in those cases in which the management of such investments really constitute a trade or business."

The testimony discloses that the plaintiff is a lawyer and has no other profession. He had nothing to do with the preparation of the will and never represented the testator professionally. There was no testimony tending to show that he ever held himself out as a person

specially qualified to act or desirous of acting as executor, and so far as the testimony shows this was the first and only time that he ever acted as such. While it may be true, as defendant contends, that an attorney's training and experience qualify him to be a good executor, they may also qualify him to be efficient in many other pursuits which professionally he never touches. The training of men in other professions and occupations may fit them also to be good executors, but this does not, in our opinion, furnish a ground for taxing income under this section of the act if it is received by such persons for a single, isolated, avocational activity, requiring no more of those taxed than the record discloses was required of the plaintiff.

The defendant's argument to sustain his position is as follows: Section 206 of the act (section 6336⅜g) provides that the net income of an individual shall be ascertained and returned "for the taxable year upon the same basis and in the same manner" as provided in title 1 of the Act of September 8, 1916 (39 Stat. 756), as amended by this act. Section 2 of that act, as amended by section 1200 of this act (section 6336b[a]), provides that—

"Net income of a taxable year shall include gains, profits, and income, derived from salaries, wages, or compensation for personal service of whatever kind and in whatever form paid, or from professions, vocations, businesses, trade, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in real or personal property, also from interest, rent, dividends, securities or the transaction of any business carried on for gain or profit, or gains or profits and *income derived from any source whatever.*"

He therefore concludes that income derived from any source whatever forms the basis of ascertaining and returning excess profits, or additional income, tax of individuals having no invested capital or only a nominal capital, but this conclusion is a non sequitur.

The defendant tries to sustain his position by applying the provision regarding trades and businesses of corporations to the trades, businesses, and professions of individuals. Section 201 (section 6336⅜b), after setting forth the taxes to be paid by corporations, partnerships, and *individuals,* provides in the case of *corporations* and *partnerships* that:

"For the purpose of this title every corporation or partnership * * * shall be deemed to be engaged in business, and all trades and businesses in which it is engaged shall be treated as a single trade or business, and all its income from whatever source derived shall be deemed to be received from such trade or business."

So, also, defendant says, in the case of individuals having no invested capital, all their trades, businesses, or professions are treated as a single trade, business, or profession, and income from whatever source derived is deemed to be received from that business or profession. Consequently the commissions of the plaintiff, though not received strictly from his profession, are deemed to have been so received and are therefore subject to the excess profits tax. The provision, however, is expressly limited to corporations and partnerships. But it was meant, defendant argues, to apply to individuals, because "under the

provisions of section 206 whereby an individual's net income for the purpose of the act is to be figured in the manner provided in title 1 of the 1916 act, his income 'derived from any source whatever' is specially made subject to the tax," and it is therefore not necessary expressly to make the provisions applicable to individuals. But defendant loses sight of the fact that identically the same language was used as to the basis and manner in which income is to be ascertained and returned in the case of individuals as in the case of corporations and partnerships. Consequently Congress could not have intended that income derived from any source whatever, whether vocational or avocational, should be deemed to be derived from an individual's profession. If it had so intended, the provision would have expressly included individuals as well as corporations and partnerships.

Section 2 of the act of 1916, which simply defines income, cannot be made the basis for imposing an excess profits tax under section 209, as defendant contends. On income thus defined a tax must, of course, be paid, and as a matter of fact the defendant did make return of and pay the tax on his commissions, but not as excess profits tax. There is not a word in the statute which says or even hints that this additional tax of "eight per centum" "in the case of a trade or business having no invested capital" shall be ascertained and returned or paid on a single avocational activity on the basis of income as defined in section 2 of the act of 1916.

The taxes provided for in section 209 are "in addition to taxes under existing law." Sections 201–208 (sections 6336⅜b–6336⅜i) provide for taxes on income derived from trades or businesses having invested capital. Section 209 provides for taxes on income from a "trade and business," including professions and occupations "having no invested capital." Section 2 of the act of 1916 simply defines income, and does nothing more. It does not attempt to declare when a tax on income thus defined shall be imposed under section 209. It does not provide a "basis" or "manner" for ascertaining and returning income under section 209 of the act of 1917, except in so far as it defines what income is. As a matter of fact there were no taxes ascertained and returned under the act of 1916 in the case of a "trade or business having no invested capital."

Taxes on income from a "trade or business" clearly mean taxes on the income from the trade, business, profession, or occupation of the taxpayer himself. This is the plain meaning of the statute, and any other construction distorts the simplicity of the language and requires that we read into the language something it does not contain. A single, isolated activity of the character of the executorship of the plaintiff does not constitute a trade, business, profession, or vocation under the facts of this case. We agree with the Secretary of the Treasury and the learned trial judge in the interpretation of this section.

The question of whether acting as executor of this estate was the business, occupation, or profession of the plaintiff was correctly submitted to the jury, whose verdict settled the fact in the negative, and the judgment of the District Court will therefore be affirmed.