### HARRY J. GUTMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4764.   Promulgated June 24, 1927.

A loss sustained by petitioner in the year 1922 as a result of the liquidation of a corporation, stock of which he had purchased as an investment, was not a net loss from operation of a trade or business regularly carried on by him and the excess of the loss sustained in year 1922 over his income for that year was not a proper deduction under the provisions of section 204 of the Revenue Act of 1921, from his income for the calendar year 1923.

*A. S. Walker, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income tax for the year 1923 in the amount of $478.58. The deficiency arises by reason of the refusal of the Commissioner to permit

petitioner to take as a deduction from his gross income for the year 1923 a loss incurred by him in 1922.

Petitioner is an individual who resides at 1902 Forrest Avenue, Dallas, Tex. Prior to 1922, petitioner purchased stock in the Vogue Company, a corporation organized under the laws of Delaware. He paid for the stock $25,000, which was about all he then possessed. The Vogue Company did a merchandising business. Petitioner was the largest stockholder of the corporation, was its general manager at an annual salary of $6,500, and devoted all of his time to its affairs. In 1922, the Vogue Company became insolvent, its assets were absorbed by its creditors, and petitioner's stock became valueless in that year. Petitioner in his individual income-tax return for 1922 deducted from his gross income $30,000, which he stated represented this loss. This deduction resulted in his return showing a loss for the year 1922 of $9,101. The value of petitioner's stock was $25,000 and his loss for 1922 was $4,101.

MILLIKEN: The only question presented is whether petitioner suffered in 1922 a " net loss " as that term is defined in section 204 of the Revenue Act of 1921. That section in part provides:

The term " net loss " means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business) ; * * *.

The petitioner's ownership of his stock in the Vogue Company bears no semblance to a " trade or business regularly carried on." The Vogue Company, however, did regularly carry on a business. If the loss sustained by the corporation in 1922 had not resulted in its insolvency; if it had carried on in the next year, it is clear that it and not the petitioner would have been entitled to the deduction of a " net loss " in 1923. We find nothing in the statute which justifies us in holding that total insolvency of a corporation gives to a stockholder this benefit which he would not possess if the corporation had done business in the succeeding year.

We are asked in this proceeding to disregard the corporate entity and hold that the petitioner was in fact a part owner of the business and that the business carried on by the corporation was his business to the extent of his stockholdings. In this connection our attention is invited to the fact that petitioner was the largest stockholder in the corporation, was its manager, and gave to it the whole

of his time. This is true in nearly every case where an owner incorporates his business and assumes the management of the corporation. In such a case the stockholder would ordinarily vigorously call to his aid the corporate protection if called upon to respond to corporate liabilities. The corporate entity is just as vital when a stockholder seeks benefits as when he resists liabilities. The ownership of corporate stock, it matters not how great the proportion, does not confer ownership of corporate assets or of the corporate business. *Appeal of Regal Shoe Co.*, 1 B. T. A. 896. Under the facts of this case, it is impossible for us to disregard the corporate entity of the Vogue Company; much less can we hold that concern was a partnership of which petitioner was a member. Cf. *J. J. Harrington*, 1 B. T. A. 11; *William J. Robb*, 5 B. T. A. 827; and *H. J. Schlesinger*, 5 B. T. A. 943.

*Judgment will be entered for the respondent.*