LOUIS M. GOLDBERG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11615.   Promulgated January 17, 1928.

*A. E. James, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

LITTLETON: Section 204 of the Revenue Act of 1921 governing the questions here presented provides:

(a) That as used in this section the term "net loss" means only net losses resulting from the operation of any trade or business regularly carried on by the taxpayer (including losses sustained from the sale or other disposition of real estate, machinery, and other capital assets, used in the conduct of such trade or business); and when so resulting means the excess of the deductions allowed by section 214 or 234, as the case may be, over the sum of the following: (1) the gross income of the taxpayer for the taxable year, (2) the amount by which the interest received free from taxation under this title exceeds so much of the interest paid or accrued within the taxable year on indebtedness as is not permitted to be deducted by paragraph (2) of subdivision (a) of section 214 or by paragraph (2) of subdivision (a) of section 234, (3) the amount by which the deductible losses not sustained in such trade or business exceed the taxable gains or profits not derived from such trade or business, (4) amounts received as dividends and allowed as a deduction under paragraph (6) of subdivision (a) of section 234, and (5) so much of the depletion deduction allowed with respect to any mine, oil or gas well as is based upon discovery value in lieu of cost.

(b) If for any taxable year beginning after December 31, 1920, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be deducted from the net income of the taxpayer for the succeeding taxable year; and if such net loss is in excess of the net income for such succeeding taxable year, the amount

of such excess shall be allowed as a deduction in computing the net income for the next succeeding taxable year; the deduction in all cases to be made under regulations prescribed by the Commissioner with the approval of the Secretary.

Although petitioner's liquor business as it had formerly been carried on was somewhat restricted by prohibition legislation and his conclusion at the end of 1922 to discontinue as soon as he could dispose of the liquor on hand, we are of the opinion from the evidence that he was regularly engaged in the sale of liquor as a business in the year 1923 and that the loss sustained in the operation of that business, amounting to $2,408.65, is deductible from net income for the year 1924.

From the evidence in this proceeding we are of the opinion that the real estate loss of $16,709.74 sustained by the petitioner in the sale of property hereinbefore mentioned was not a loss sustained in the operation of a trade or business regularly carried on by the petitioner within the meaning of section 204 of the Revenue Act of 1921.

The position of the Commissioner is that petitioner had no regular business, that he was merely an officer and employee of the corporation, all of the stock of which he owned. The question here is not whether the corporation may deduct the petitioner's net loss, nor whether the petitioner may deduct a loss of the corporation. For this reason this proceeding is to be distinguished from *Wm. J. Robb*, 5 B. T. A. 827, and *W. C. Harris*, 8 B. T. A. 1234.

Petitioner's activities during the year 1923, outside of his liquor business, were confined almost entirely to the management and furtherance of the business of the real estate corporation. It appears from the evidence that over the period from 1915 to 1923, inclusive, he occasionally and for convenience made real estate contracts in his own name but these transactions were for and on behalf of the corporation and can not be regarded as establishing that petitioner, as an individual, was regularly engaged in the real estate business within the meaning of the statute. The purchase in 1920 and sale at a loss in 1923 of the house and lot in New Jersey is the only real estate transaction in which petitioner engaged as an individual over a period of nine years. The testimony of petitioner as to whether this transaction was strictly a personal one or whether it was for or on behalf of the corporation is conflicting. Upon cross-examination petitioner testified:

Q. Did you individually purchase it, or the corporation?

A. If I purchased any property in some instances and they wanted me to go on the bond personally, I would take it in my name and transfer it to the corporation.

Q. Did you purchase the property for the corporation or yourself?

A. If it is for the corporation or myself, it is the same thing, because I own the corporation.

\*     \*     \*     \*     \*     \*     \*

Q. Did you transfer the New Jersey property to the corporation?
A. No, I did not.
Q. Did you purchase it for the corporation?
A. Yes.

Upon redirect examination the petitioner testified as follows:

Q. You testified, Mr. Goldberg, that the property in Deal, New Jersey, was bought for the corporation. Did you mean to so testify?
A. Well, I always felt when I bought for the corporation or myself, it was all the same.
Q. Which way did you buy it?
A. I did not buy it initially for the corporation. I bought it to sell.
Q. Who took title to it?
A. I took title to it.
Q. Did you transfer it to the corporation?
A. This property?
Q. Yes.
A. No, I never transferred it.
Q. Who sold it?
A. My attorneys.
Q. Who signed the deeds under which it was sold?
A. I signed the deeds.

Assuming, however, that this real estate transaction was strictly carried out by petitioner on his own account as an individual, it was a single transaction in which he made an investment with the view of making a profit and was not sufficient to constitute a trade or business regularly carried on by him within the meaning of the statute. *J. J. Harrington*, 1 B. T. A. 11; *Fridolin Pabst*, 6 B. T. A. 843; *Harry J. Gutman*, 7 B. T. A. 500. Cf. *Pan-American Bank & Trust Co.*, 5 B. T. A. 839.

The Board is of the opinion that the real estate loss in question was not such a loss as may, under the statute, be used in determining the net loss for 1923 which may be carried forward and deducted from net income for the taxable year 1924. Petitioner's income, deductions, and losses for the year 1923 were as follows:

Income:
Salary _____ $10, 000. 00
Interest_____ 1, 159. 47
Dividends_____ 30. 00
                                                 $11, 189. 47
Deductions: Taxes paid_____ 69. 75

                                                 11, 119. 72

Net loss from liquor business_____ 2, 408. 65
Real estate loss_____ 16, 709. 74

Under section 204 (a) of the Revenue Act of 1921 petitioner is entitled to carry forward and deduct from net income for 1924 only the net loss of $2,408.65 sustained in 1923 in the operation of his liquor business. Cf. *H. J. Schlesinger*, 5 B. T. A. 943.

> *Judgment will be entered on 15 days' notice, under Rule 50.*