*151 OPINION.
McMahon :
The respondent concedes that the petitioner sustained a loss for the year 1924 and he has not asserted a deficiency for that year. So far as the petition purports to include the year 1924, it is dismissed for lack of jurisdiction. Cornelius Cotton Mills, 4 B. T. A. *152 255; Anita M. Baldwin, 10 B. T. A. 1198; Marjorie Post Hutton, 12 B. T. A. 265.
The petitioner contends that the loss which ho sustained during 1924, as detailed in our findings of fact, was a loss “ attributable to the operation of a trade or business regularly carried on ” by him and that he is entitled to carry over and take the amount of such loss as a deduction in computing net income for the year 1925. He relies upon section 206 of the Revenue Act of 1924, which provides as follows:
Seo. 206. (a) As used In this section the term “ net loss ” means the excess of the deductions allowed by section 214 or 234 over the gross income with the following exceptions and limitations:
(1) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be allowed only to the extent of the amount of the gross income not derived from such trade or business; * * *
* * * * * * *
(b) If, for any taxable year, it appears upon the production of evidence satisfactory to the Commissioner that any taxpayer has sustained a net loss, the amount thereof shall be allowed as a deduction in computing the net income of the taxpayer for the succeeding taxable year * * ‡.
The respondent has determined that the petitioner’s net loss for the year 1924 is not attributable to a trade or business regularly carried on and accordingly he has denied the deduction claimed.
We must determine therefore what losses are deductible under section 206 and whether or not the losses claimed by the petitioner are so deductible. Section 214, referred to in section 206, is entitled “ Deductions Allowed Individuals.” It is the general provision re-relating to the deductions which may be taken by individuals and among those it allows are, (a) (1) all ordinary expenses of any trade or business, (b) interest paid or accrued, (3) taxes paid or accrued, (4) “ losses sustained during the tamable year and not compensated for by insurance or otherwise, if incurred in a trade or business; (5) losses sustained during the taxable year and not compensated for by insurance or otherwise, if incurred in any transaction entered into for ;profit, though not connected with the trade or business [Italics supplied],” (6) losses from fire, storms, shipwreck, etc., (7) bad debts, (8) depreciation and obsolescence, (9) depletion, and (10) contributions, with exceptions relating to aliens.
Section 206, as above quoted, provides that with certain exceptions the excess of the above enumerated deductions over gross income shall be considered as the “net loss ” for its purposes, i. e., for the purposes of section 206. The only exception material in this proceeding is that of paragraph (a) (1) of section 206, reading:
(a) (1) Deductions otherwise allowed by law not attributable to the operation of a trade or business regularly carried on by the taxpayer shall be *153 allowed only to tlie extent of tlie amount of tlie gross income not derived from such trade or business.
It is apparent from this description of the losses that may be deducted under section 206 that the statute differentiates between certain types of losses sustained. Losses from isolated transactions, i. e., from transactions entered into for profit though not attributable (connected) to the operation of a trade or business regularly carried on by the taxpayer, are expressly excepted from the losses which may be deducted as net losses under section 206.
It remains to determine therefore whether the activities of the petitioner in which he sustained losses by reason of failure of the Lansing Foundry Co. constituted a trade or business regularly carried on by him.
In Maude Enella Brickell, 17 B. T. A. 711, we held that a person might be engaged in more than one trade or business. See also Edward H, Baker, 17 B. T. A. 783; Louis M. Goldberg, 9 B. T. A. 1355, affd., 36 Fed. (2d) 551; Harry Hartley, 16 B. T. A. 1019; E. M. Elliott, 15 B. T. A. 494, and Ignaz Schwinn, 9 B. T. A. 1304.
In the’instant proceeding the petitioner has established, we believe, that his activities in stock transactions and in loaning money constituted a “ trade or business regularly carried on.” His stock operations numbered about 160 transactions and involved approximately $1,621,000 of purchases and sales over a nine-year period. These were his “trading operations,” and in addition he bought stocks for investment in amounts not shown. In the promotion and financing of various business enterprises he has advanced approximately $1,000,000. It was his practice to devote about one hour a day to consideration of stock transactions and from three to four hours a day to the consideration and care of financing individuals and corporations by loans, and the borrowing of money to use in his operations. His only other activity appears to have been as president of the Motor Wheel Co., and it is shown that subordinate officials of that company carried the brunt of its burden, relieving the petitioner from all detail and turning to him only for final decision upon matters of policy. See Bryce v. Keith, 257 Fed. 133.
In a number of cases the Board has held that losses upon stocks were not incurred in the course of a “trade or business regularly carried on ” and consequently did not constitute “ net losses ” deductible under the revenue laws in computing the income of a year other than that in which they were sustained. Examination of such cases reveals, however, that they turn upon the fact that the stocks involved were held for investment, or were acquired and sold in purely casual transactions rather than in the course of a business regularly carried on. H. E. Newton et al., 7 B. T. A. 1153; R. J. *154 Palmer, 4 B. T. A. 1028; J. L. Washburn, 16 B. T. A. 1091; Alfred M. Bedell, 9 B. T. A. 270.
Upon appropriate facts we have held in other cases that purchase and sale of stocks constituted a business and that losses so incurred could be considered in computing a net loss. E. M. Elliott, supra; Charles H. Van Etten, 8 B. T. A. 611; Harvey H. Ostenberg et al., 17 B. T. A. 738; Richard D. Wyckoff, 19 B. T. A. 263.
We have also recognized that the promotion of business enterprises and their financing by loans and stock purchases may constitute a business regularly carried on. In T. I. Crane, 17 B. T. A. 720, we said:
* * * It appears that during the year 1921 petitioner’s business was not only that of a corporate executive officer, as conceded by respondent, but he regularly carried on the business of financing mining and related corporations, which financing sometimes took the form of loans and at other times the acquisition of stock in the company, the method followed being determined by the circumstances.
See Edward H. Baker, supra; Philip Kobbe, Inc., 4 B. T. A. 663.
Among the notes making up the “ net loss ” involved is one to the petitioner individually, bearing date of October 1, 1922, and having endorsed thereon the following: “For interest on all your notes to October 1, 1922.” The said note is set out in full in our findings. The petitioner’s income-tax returns were filed upon the basis of cash receipts and disbursements. Items of interest reported as .income for the year 1922, as detailed in the findings, indicate that this note was not so reported. If the note had no fair market value when received, such an omission was proper. However, it appears that this item should not be included in the petitioner’s net loss for 1924 and, therefore, that the amount of that net loss deductible in computing net income for 1925 should be reduced accordingly. We have held, in Charles A. Collin, 1 B. T. A. 305, that a taxpayer who keeps his accounts and makes his returns on a cash receipts and disbursements basis may not deduct from gross income, as for a bad debt, an item of accrued interest which he has not at any time previously treated as income or reported as taxable income. To the same effect, that is, that a taxpayer may not take as a deduction the loss of a gain that has never been reflected in income, see also Charles K. Beekman et al., 17 B. T. A. 643; Jerome Alexander, 12 B. T. A. 1399.
In accordance with the foregoing we think that the amount of $21,896.13 designated in our findings as the “ Corrected net loss now claimed as a deduction for 1925 ” should be reduced by the amount of $1,292.03, representing the note of October 1, 1922, and that the balance, namely, $20,604.10, is .a proper deduction in computing net income for the year 1925.
Beviewed by the Board.

Judgment will be entered under Rule 50.