WYATT C. HEDRICK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43331.   Promulgated July 18, 1930.

*G. R. Lipscomb, Esq.*, for the petitioner.
*A. Carnduff, Esq.*, for the respondent.

OPINION.

SMITH: The only question presented by this proceeding is whether the petitioner is entitled to deduct from gross income of the year 1925 a loss of $84,606.11 sustained in 1924 as a result of certain shares of stock owned by him in the W. C. Hedrick Construction Co. becoming worthless in that year. The petitioner claims that the loss on this stock was a loss " resulting from the operation of " a " trade or business regularly carried on by the taxpayer " within the purview of section 204 (a) of the Revenue Act of 1921, and that as a result thereof the amount may be deducted from the gross income of 1924 under the provisions of section 206 (f) of the Revenue Act of 1924. In other words, it is petitioner's contention that he sustained a " net loss " in 1924 of $84,606.11 within the purview of section 204 (a) of the Revenue Act of 1921.

In making this contention the petitioner relies upon a number of decisions of the Board of Tax Appeals, among which are *Philip Kobbe Co.*, 4 B. T. A. 663, and *Lawrence J. Montgomery*, 17 B. T. A. 1308. In the former decision we held that where, in order to further its regular business, a petitioner operating an advertising agency purchased stock in another corporation which subsequently became worthless, the loss thus sustained on the purchased stock should be included among other losses in the computation of the statutory net loss under section 204(a)(1) of the Revenue Act of 1918. In the *Montgomery* case we held that where the petitioner, who operated a garage and automobile sales agency, purchased stock of an automobile manufacturing company in order to acquire an agency contract, which stock later became worthless, the loss sustained should be included in the computation of the net loss under section 204(a) of the Revenue Act of 1921.

The above cases and also others cited by the petitioner are not strictly in point. In the instant proceeding there is no evidence that the petitioner was carrying on a construction business and that his investment in stock of the W. C. Hedrick Construction Co. was made in the furtherance of his individual business. So far as the record discloses, the construction business was carried on by the corporation, which was a separate and distinct taxable entity from the petitioner. The petitioner was president and general manager of the construction company. He was an employee of the construction company. There is nothing to indicate that the business of the construction company was his individual business. The business as regularly carried on was carried on by the corporation and not by the petitioner.

The facts in this proceeding are substantially the same as those which obtained in *Fridolin Pabst*, 6 B. T. A. 843; affirmed, 36 Fed. (2d) 614; certiorari denied, affd., 281 U. S. 741, 50 Sup. Ct. 548, and *Louis M. Goldberg*, 9 B. T. A. 1355; affd., 36 Fed. (2d) 551. In the last named case the petitioner was for many years prior to 1923 engaged in business as a wholesale and retail liquor dealer. He continued this business until 1922, after which he ceased purchasing liquors, but continued through 1923 to dispose of liquors on hand. From the sales in 1923, he sustained a loss of $2,408.65. In 1915 he organized a New York corporation to engage in the business of buying, selling, and renting real estate. From 1915 to 1923 he was president, treasurer, and sole stockholder of this corporation. During this period he in some instances entered into real estate contracts in his own name and transferred them later to the corporation. In 1920 he purchased a house and lot in his own name in New Jersey, which he sold in 1923 at a loss of $16,709.74. During 1923 his net income amounted to $11,-

119.72. Allowing for his loss sustained from his liquor business and from the real estate transaction, his losses in 1923 exceeded his income in the amount of $7,998.67. The Board held that the loss sustained upon the sale of the property carried in his own name was not a loss to be included in the computation of the net loss within the meaning of section 204(a) of the Revenue Act of 1921, since it did not result from the operation of any trade or business carried on by Goldberg. This view was sustained by the Court of Appeals of the District of Columbia, which stated:

> While it is true that this was a one man corporation, of which appellant owned the entire stock, it nevertheless was a separate and distinct corporate entity, and the business transacted in the name of the corporation was not the business of appellant but the business of the corporation, and as such entirely separate and distinct from the private affairs of appellant. The New Jersey house and lot purchase and sale was a private individual transaction in no way connected with the corportion. It did not even represent a method adopted by appellant in transacting the business of the corporation. * * *

Upon the entire record we are of the opinion that the loss sustained by the petitioner upon his investment in the W. C. Hedrick Construction Co. was not a loss resulting from the operation of the trade or business regularly carried on by the petitioner within the purview of section 204(a) of the Revenue Act of 1921.

*Judgment will be entered for the respondent.*