MARY E. CAPPON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 51042.   Promulgated June 13, 1933.

*R. F. Witte, Esq.*, for the petitioner.
*F. A. Surine, Esq.*, for the respondent.

OPINION.

McMAHON: This is a proceeding for the redetermination of an asserted deficiency in income tax for the year 1928 in the amount of $263.24.

It is alleged by the petitioner that the respondent erred in disallowing as a deduction from gross income the sum of $2,036.75 representing an insurance premium paid by the petitioner on a policy covering the life of the president and manager of a corporation.

The petitioner is an individual, residing in Milwaukee, Wisconsin. The parties entered into a stipulation as follows:

1. Mary E. Cappon, the petitioner, is the widow of Jesse Cappon, who at the time of his death several years ago had been president, director and principal stockholder of the West Side Mfg. Co.

2. The West Side Mfg. Co. manufactures sash, doors and other millwork.

3. Shortly after the death of her husband, Jesse Cappon, the petitioner was elected a member of the board of directors and vice-president of the corporation, and thereafter took an active part in the affairs of the West Side Mfg. Co. Mr. Ed. Schildknecht, a stockholder who had been connected with the management of the company for many years, was elected president and manager.

4. The petitioner decided that $100,000 life insurance policy should be taken out on the life of Mr. Schildknecht, with the corporation as a beneficiary. Mr. Schildknecht was unwilling to burden the corporation with a total insurance premium on $100,000 policy. It was agreed that two policies of insurance $50,000 each should be taken out, the corporation being the beneficiary, the premium on one of said policies to be paid by the corporation and the premium on the other to be paid by the petitioner. Under this arrangement the petitioner paid in 1928 a premium of $2,036.75 on one of said $50,000 policies.

5. In the petitioner's individual tax return for the calendar year 1928, the petitioner deducted the said item of $2,036.75 as an ordinary and necessary expense, explaining the deduction in her return as follows:

" Insurance premium paid on policy taken out on life of the president of the West Side Mfg. Co., the corporation being the beneficiary, to protect taxpayer's stockholdings in said company, $2,036.75."

6. In determining the deficiency here in controversy, the respondent disallowed the deduction of said item of $2,036.75.

7. At all times since the death of petitioner's husband, and during the year 1928, petitioner owned 164 shares, or 82% and Mr. Schildknecht owned 24 shares, or 12%, of the total outstanding capital stock of the West Side Mfg. Co. The total outstanding capital stock of the West Side Mfg. Co. during the year 1928 amounted to 200 shares.

8. A true copy of the deficiency letter dated September 30, 1930 from which the present appeal was taken is attached hereto as Exhibit A.

9. The income tax return filed by the petitioner for the year 1928 is attached hereto as Exhibit B.

10. The petitioner received $49,200.00 from the West Side Mfg. Co. during the year 1928 as dividends.

The petitioner's income tax return for the year 1928 discloses the following income:

| | |
|---|---:|
| Interest | $12,713.64 |
| Interest on tax free bonds | 75.00 |
| Rents | 5,145.57 |
| Dividends | 63,400.00 |
| Capital net gain | 900.00 |
| Gross income | 82,234.21 |

The petitioner contends that she is entitled to deduct from gross income such insurance premium paid by her under section 23 (a) of the Revenue Act of 1928, which provides that in computing net income "All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" shall be allowed as deductions.

It is our opinion that, under the facts as disclosed by the stipulation, it does not appear that the petitioner was engaged in any trade or business within the meaning of this section.

In *Burnet* v. *Clark*, 287 U.S. 410, the United States Supreme Court stated as follows:

The respondent was employed as an officer of the corporation; the business which he conducted for it was not his own. There were other stockholders. And in no sense can the corporation be regarded as his *alter ego*, or agent. He treated it as a separate entity for taxation; made his own personal return and claimed losses through dealings with it. He was not regularly engaged in endorsing notes, or buying and selling corporate securities. The unfortunate endorsements were no part of his ordinary business, *but occasional transactions intended to preserve the value of his investment in capital shares.* [Latter italics ours.]

Again, in the case of *Dalton* v. *Bowers*, 287 U.S. 404, the United States Supreme Court stated:

\* \* \* Dalton was not regularly engaged in the business of buying and selling corporate stocks. He organized the Manufacturing Corporation and took over all its shares with the intention of selling them at a profit. He treated it as something apart from his ordinary affairs, accepted credits for salaries as an officer, claimed loss to himself because of loans to it which had become worthless, and caused it to make returns for taxation distinct from his own. Nothing indicates that he regarded the corporation as his agent with authority to contract or act in his behalf. *Ownership of all the stock is not enough to show that creation and management of the corporation was a part of his ordinary business.* Certainly, under the general rule for tax purposes a corporation is an entity distinct from its stockholders, and the circumstances here are not so unusual as to create an exception. [Italics ours.]

See also *Benjamin I. Powell*, 26 B.T.A. 509, in which the Board, at page 514, stated:

There is nothing in the record to indicate that the petitioner ever carried on any furniture business on his own behalf. His activities were in the conduct of the furniture business carried on by the various corporations. Although the petitioner owned five-sixths of the stock of the Powell Furniture Company and devoted practically all of his time to its affairs, the corporation was, nevertheless, a separate and distinct entity and the business transacted in its name was not the business of the petitioner, but of the corporation, and as such was separate and distinct from the affairs of the petitioner. We think the respondent's action in refusing to allow the deduction of $12,658.09 taken by the petitioner for a net loss was correct. See *Louis M. Goldberg*, 9 B.T.A. 1355; affd., 36 Fed. (2d) 551; *Wyatt C. Hedrick*, 20 B.T.A. 258; *Ida A. Van Dyke et al.*, 23 B.T.A. 946.

Although the " net loss " provisions of the applicable revenue acts were involved in the *Clark*, *Dalton* and *Powell* cases, *supra*, it was necessary to determine whether or not the losses resulted " from the operation of any *trade or business regularly carried on* by the taxpayer ", and hence such decisions are persuasive, if not controlling.

*Caroline T. Kissel*, 15 B.T.A. 1270, cited by petitioner, is distinguishable from the instant proceeding. There the Board held certain claimed deductions allowable upon the ground that they were connected with taxpayer's trade or business within the meaning of section 214 (a) (1) of the Revenue Act of 1921, which contains the same language quoted above, and pointed out that the taxpayer was " a woman of substantial means and that she invests rather heavily in stocks, bonds, and other securities, and in real estate, and that her son is employed regularly to manage her affairs and maintains an office and employs two assistants for that purpose."

Although the stipulation states that the petitioner, after her election as a member of the board of directors and as vice president of the West Side Mfg. Co., " took an active part in the affairs " of such company, it does not disclose just what her activities in this respect consisted of or even the time devoted to the affairs of such company, nor does it disclose any business activity on the part of the petitioner with respect to her other investments, the income from which was nearly equal to that which she derived as stockholder in dividends from the West Side Mfg. Co. The stipulation does not disclose in what, if any, trade or business the petitioner was engaged.

The insured was president, stockholder and employee of the West Side Mfg. Co. and not an employee of the petitioner. The stipulation does not disclose, except as may be inferred from the statement in the stipulation that " petitioner decided that $100,000 life insurance policy should be taken out on " his life, that he was necessary to the continued or future success and prosperity of such company

or that he could not be replaced by an equally competent person. It does not appear that his services were necessary to the protection of the investments of petitioner. It does not appear that he was even concerned, except as president, manager and stockholder of such company, in the investment of the petitioner in the company. He was in fact, averse to the protection of the petitioner's stockholdings at the expense of the company, as is disclosed by the stipulation, in that he " was unwilling to burden the corporation with a total insurance premium on $100,000 policy." It does not appear that he was interested in other financial affairs or investments of the petitioner.

Since we have held that the life insurance premium paid by the petitioner is not deductible under section 23, *supra*, it is not necessary for us to pass upon the other contention of the respondent that the deduction of such premium is prohibited by section 24 (a) (4) of the Revenue Act of 1928.[1]

*Decision will be entered for the respondent.*

---

[1] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) *General rule.*—In computing net income no deduction shall in any case be allowed in respect of—

\*     \*     \*     \*     \*     \*     \*

(4) Premiums paid on any life insurance policy covering the life of any officer or employee, or of any person financially interested in any trade or business carried on by the taxpayer when the taxpayer is directly or indirectly a beneficiary under such policy.